ORIGINAL

# In the United States Court of Federal Claims

No. 17-1838C

(Filed: April 16, 2018)

FILED
APR 16 2018
U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| TRACEY LUCAS, ) ) ) Plaintiff, ) ) v. ) ) THE UNITED STATES, ) ) Defendant. ) ) | Motion to Dismiss, RCFC 12(b)(1); Statute of Limitations, Subject Matter Jurisdiction. |

Tracey Lucas, Washington, DC, pro se.

Eric J. Singley, Trial Attorney, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Allison Kidd-Miller, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

CAMPBELL-SMITH, Judge.

Before the court is defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims (RCFC), ECF No. 7. For the following reasons, defendant's motion is **GRANTED**.

I.  Background

In the mid-1980s, plaintiff worked as a clerk-typist for the Department of Justice. See ECF No. 1 at 1. In her complaint, she alleges that she was sexually assaulted in the workplace in February 1985. See id. Following the incident, she attempted to file a complaint with the Equal Employment Opportunity Commission (EEOC), but believes the complaint was never submitted to the agency. See id. at 2. Thereafter, plaintiff alleges that she was reassigned to a different position, but given no official duties, in retaliation for complaining. See id.

II.     Legal Standards

Pursuant to the Tucker Act, this court has the limited jurisdiction to consider "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). To invoke the court's jurisdiction, plaintiffs must show that their claims are based upon the Constitution, a statute, or a regulation that "can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting United States v. Testan, 424 U.S. 392, 400 (1976)). In addition, claims in this court must be brought within six years of accrual, or the court is without jurisdiction to hear them. See, e.g., Young v. United States, 529 F.3d 1380, 1384 (Fed. Cir. 2008) (citing 28 U.S.C. § 2501 and John R. Sand & Gravel Co. v. United States, 552 U.S. 130, 133-39 (2008)).

Plaintiff bears the burden of establishing this court's subject matter jurisdiction by a preponderance of the evidence. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). In reviewing plaintiff's allegations in support of jurisdiction, the court must presume all undisputed facts are true and construe all reasonable inferences in plaintiff's favor. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800, 814-15 (1982); Reynolds, 846 F.2d at 747 (citations omitted). If the court determines that it lacks subject matter jurisdiction, it must dismiss the complaint. See RCFC 12(h)(3).

III.    Analysis

In its motion to dismiss, defendant argues that the court lacks jurisdiction to consider plaintiff's complaint for two reasons: (1) the allegations sound in tort, and (2) the claim accrued more than six years before the complaint was filed. See ECF No.7 at 2-3. Plaintiff's complaint does not expressly identify the statute or constitutional provision on which she bases her claim for relief. See ECF No. 1. Despite the fact that the precise nature of plaintiff's claim is not clear, even assuming she bases her claim on a theory that would allow this court's review, the operative facts plainly fall outside the statute of limitations.

The alleged assault and subsequent retaliation for her decision to file an EEOC complaint occurred in 1985. See id. at 1-2. The statute of limitations, therefore, ran six years later, in 1991. In her reply, plaintiff indicates that she filed the instant complaint more than thirty years after the alleged offenses "due to the nature of the situation and the acknowledgement of this behavior now being addressed in society." ECF No. 11 at 2. The court accepts plaintiff's allegations as true, as it must at this stage in the litigation.

Certainly the conduct she describes is at best concerning and at worst illegal. However strong the merits of her allegations, the court simply lacks authority to consider her claims.

IV.     Conclusion

For the foregoing reasons, the court lacks jurisdiction to consider the claims in plaintiff's complaint. Defendant's motion to dismiss, ECF No. 7, is **GRANTED**, pursuant to RCFC 12(b)(1) and RCFC 12(h)(3). The clerk's office is directed to **ENTER** final judgment **DISMISSING** plaintiff's complaint without prejudice.

IT IS SO ORDERED.

_____
PATRICIA E. CAMPBELL-SMITH
Judge